```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

REGINALD L. ALMO,

    Petitioner,

vs.      Case No. 06-2325-B/V

STEPHEN DOTSON,

ORDER DIRECTING CLERK TO CORRECT PETITIONER'S ADDRESS ON DOCKET
ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS
AND
ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED

On May 26, 2006, petitioner Reginald L. Almo, prisoner number 250995, who is now incarcerated at the Turney Center Industrial Prison ("TCIP") in Only, Tennessee, filed this petition under 28 U.S.C. § 2254, along with a motion to proceed in forma pauperis.[1]

Because the balance of the prisoner's inmate trust fund account exceeds twenty-five dollars ($25.00), the motion for leave to proceed in forma pauperis is DENIED. The petitioner is ORDERED to remit the five dollar ($5.00) habeas filing fee within thirty days of the date of entry of this order. Failure timely to comply with this order will result in dismissal of the petition without further notice for failure to prosecute.

---

[1] Almo was formerly incarcerated as an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee. He filed an addendum to his petition on December 1, 2006, which reflects his transfer to TCIP. The Clerk is ORDERED to correct the docket to reflect the correct mailing address for the Petitioner.

On July 10, 1995, the Petitioner entered a negotiated guilty plea to the included offense of second degree murder in Shelby County Criminal Court. The trial court sentenced Almo to forty-five (45) years incarceration as a Range III Persistent Offender. Almo did not appeal. On September 10, 2003, Almo filed a state habeas petition which the trial court construed as a time-barred petition for post conviction relief. The trial court denied the petition on September 23, 2003. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the trial court's dismissal of the petition as time-barred and determined that the trial court did not err in refusing to treat the petition as one for habeas corpus relief. See Almo v. State, No. W2003-02559-CCA-R3-PC (Tenn. Crim. App. May 25, 2005), perm. app. denied (Tenn. Dec. 19, 2005)(copies attached as exhibits to Petitioner's addendum, Docket entry 3).

It appears that the petitioner's right to attack his conviction under § 2254 is now directly barred by the amendments to the federal habeas statutes in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA), which created in § 2244(d) a statute of limitations for filing habeas petitions under § 2254. The Court should consider this statute of limitations as a threshold matter. Holloway v. Corcoran, 980 F. Supp. 160, 161 (D. Md. 1997). Section 2244(d) provides:

2

>   (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d).  In applying this statute of limitations, a prisoner has filed his petition within the limitations period if he has given it to prison authorities for mailing and has satisfied the verification requirements of Fed. R. App. P. 25(a)(2)(C).  <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997)(citing <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988)).

3

State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) at the expiration of the time for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). Almo did not take a direct appeal, so his conviction was not final until the expiration of the thirty-day time limit for taking an appeal to the Tennessee Court of Criminal Appeals. See Tenn. R. App. P. 4(a).[2] Although the petition does not disclose the precise date on which judgment was entered, it appears that Almo's conviction became final in August of 1995. Because it is undisputed that Almo did not file a postconviction petition during the next year, the running of the limitations period was not tolled and it expired late in August of 1995.[3] As this was before enactment of the AEDPA statute of limitations, the statute began running at its enactment on April 24, 1996 and expired on April 24, 1997.

This petition was purportedly signed on May 18, 2006 and, even

---

[2] See also Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004) (§ 2255 motion); see also United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002) ("when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered . . . or on the date on which the time for filing such appeal expired"; describing the latter as the "majority view").

[3] This Court need not consider whether Crenshaw's subsequent motion for arrest of judgment was a "properly filed application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and Artuz v. Henderson, 431 U.S. 4 (2000), sufficient to toll the running of the limitations period, because it was not filed until after the limitations period had already expired. Owens v. Stine, No. 01-1200, 27 Fed. Appx. 351, 353 (6th Cir. Oct. 2, 2001) ("A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

if it were deemed to have been filed on that date, see Houston v. Lack, 487 U.S. 266 (1988); Miller v. Collins, 305 F.3d 491, 497-98 & n. 8 (6th Cir. 2002); Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), it would be time barred.[4]

Under a straightforward application of § 2244(d) and Austin v. Mitchell, 200 F.3d 391, 393-95 (6th Cir. 1999), this petition is untimely. See also Bennett v. Artuz, 199 F.3d 116 (2d Cir. Oct. 25, 1999)(following Second Circuit caselaw holding that § 2244 limitations period for pre-AEDPA convictions begins running at enactment); Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998)(holding that § 2244 limitations period for state convictions final before AEDPA enactment begins running at enactment).

The Sixth Circuit has ruled that the doctrine of equitable tolling may be invoked to toll the one-year limitation period applicable to § 2255 motions and habeas petitions. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001)(approving test for equitable tolling set forth in Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988)). The five parts of the test are:

 (1) the petitioner's lack of notice of the filing requirement;
 (2) the petitioner's lack of constructive knowledge of the filing requirement;
 (3) diligence in pursuing one's rights;
 (4) absence of prejudice to the respondent; and

---

[4] Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. In this case, however, an examination of Almo's claims reveals no basis for concluding that the limitations period commenced at any time later than the date on which his conviction became final.

  (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Andrews, 851 F.2d at 150.

  Almo fails to allege any circumstances which prevented him from inquiring about additional remedies before the expiration of the AEDPA statute.  Ignorance of the time requirements for filing does not toll the limitations period.  See United States v. Baker, 197 F.3d 211, 218-19 (6th Cir. 1999)(in direct criminal appeal, court noted that accepting an ignorance-of-the-law excuse would encourage and reward indifference to the law).

  Therefore, Almo is directed to file an amended petition, which details any circumstances justifying the application of equitable tolling or any other basis demonstrating that this petition should not be dismissed as time barred.  Almo shall file the amended petition within thirty (30) days of the entry of this order.

  Failure to timely comply with any requirement of this order will result in dismissal of the petition without further notice for failure to prosecute.

  IT IS SO ORDERED this 28th day of February, 2007.

            s/ J. DANIEL BREEN
            UNITED STATES DISTRICT JUDGE