```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

REGINALD ALMO,

    Petitioner,

vs.                                 Case No. 06-2325-JDB/dkv

DAVID G. MILLS,

ORDER DIRECTING CLERK TO DOCKET ADDRESS CHANGE
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On May 26, 2006, Petitioner Reginald L. Almo, prisoner number 250995, who is now confined at the West Tennessee State Penitentiary ("WTSP"), Site 3, in Henning, Tennessee[1] filed this petition under 28 U.S.C. § 2254. The Clerk is ORDERED to update Almo's address to reflect his present place of incarceration. On February 28, 2007, the Court entered an order directing Petitioner to pay the $5 habeas filing fee and to file an amended petition detailing any justification for the application of equitable tolling or other basis demonstrating the petition should not be dismissed as time barred. On March 22, 2007, Almo paid the $5 filing fee and filed an amended petition.

---

[1] See docket entry #7, change of address filed on October 11, 2007.

I.   Background

On July 10, 1995, Petitioner entered a negotiated guilty plea to the included offense of second degree murder in Shelby County Criminal Court.  The trial court sentenced Almo to forty-five (45) years incarceration as a Range III Persistent Offender.  He did not appeal.  On September 10, 2003, Almo filed a state habeas petition which the trial court construed as a time-barred petition for post conviction relief.  The trial court denied the petition on September 23, 2003.  On direct appeal, the Tennessee Court of Criminal Appeals affirmed the trial court's dismissal of the petition and determined that the trial court did not err in refusing to treat the petition as one for habeas corpus relief. See Almo v. State, No. W2003-02559-CCA-R3-PC (Tenn. Crim. App. May 25, 2005), perm. app. denied (Tenn. Dec. 19, 2005)(copies attached as exhibits to Petitioner's addendum, Docket entry 3).

II.  Analysis

The Supreme Court's decision in Day v. McDonough, 126 S. Ct. 1675, 1684 (2006), affirms the authority of district courts to raise the habeas statute of limitations sua sponte.  However, prior to the sua sponte dismissal of a habeas petition on timeliness grounds, the Court must afford Petitioner notice and an opportunity to be heard on the applicability of the limitations period.  Id. See also Reichert v. United States, 101 Fed.Appx. 13, 14 (6th Cir. 2004)("This Court has concluded that a district court can dismiss

a habeas petition sua sponte on the basis of the statute of limitations, but the court should first provide the petitioner with notice and an opportunity to be heard prior to the dismissal."); Scott v. Collins, 286 F.3d 923, 929-30 (6th Cir. 2002), abrogated on other grounds by Day, 126 S.Ct. 1675.  In its May 29, 2007 order, the Court afforded Petitioner notice of the timeliness issues raised by his petition and ordered his response as to why the petition should not be dismissed.  The Court also invited any argument he might have about whether the limitations period should be equitably tolled.  In his amended petition, Petitioner details his recent habeas and criminal court proceedings  but fails to address the timeliness issues raised by the Court or to proffer any basis for equitable tolling of the statute of limitations. For the reasons stated below, Almo's motion is clearly untimely and he is not entitled to equitable tolling.

    A.   Timeliness

On April 24, 1996, the Anti-terrorism and Effective Death Penalty Act ("AEDPA") went into effect.  In relevant part, the AEDPA established a limitations period for state inmates filing habeas petitions in federal court pursuant to 28 U.S.C. § 2254.  Twenty-eight U.S.C. § 2244(d)(1) reads as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Subsection (2) of § 2244(d) further provides that the "time during which a properly filed application for State post-conviction" relief is pending is not to be counted in the calculation of § 2244(d)'s limitations period.

Almo alleges that he pled guilty and was sentenced on July 10, 1995. He did not take a direct appeal, so his conviction was not final until the expiration of the thirty-day time limit for taking an appeal to the Tennessee Court of Criminal Appeals. See Tenn. R. App. P. 4(a).[2] Although the petition does not disclose the precise date on which judgment was entered, it appears that Almo's conviction became final in August of 1995. As this was before enactment of the AEDPA statute of limitations, the statute began

---

[2] See Lawrence v. Florida, 127 S.Ct. 1079, 1083 (Feb. 20, 2007) (holding that state review ends when the state courts have finally resolved an application for state postconviction relief).

running at its enactment on April 24, 1996 and expired on April 24, 1997.

This petition was purportedly signed on May 18, 2006 and, even if it were deemed to have been filed on that date, see Houston v. Lack, 487 U.S. 266 (1988); Miller v. Collins, 305 F.3d 491, 497-98 & n. 8 (6th Cir. 2002); Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), it would be time barred.[3]

Any contention that the state habeas petitions, filed on September 10, 2003, was a "properly filed application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and Artuz v. Henderson, 431 U.S. 4 (2000), sufficient to toll the running of the limitations period, is unavailing. The state habeas petition was not filed until after the AEDPA limitations period had already expired. Owens v. Stine, No. 01-1200, 27 Fed. Appx. 351, 353 (6th Cir. Oct. 2, 2001) ("A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Almo did not file this habeas petition until May 26, 2006.

Petitioner concedes in the amended petition that his claims are barred by his procedural default and filed outside of the AEDPA

---

[3] Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. In this case, however, an examination of Almo's claims reveals no basis for concluding that the limitations period commenced at any time later than the date on which his conviction became final.

statute of limitations. Under a straightforward application of § 2244(d) and <u>Austin v. Mitchell</u>, 200 F.3d 391, 393-95 (6th Cir. 1999), this petition is time barred. <u>See also</u> <u>Bennett v. Artuz</u>, 199 F.3d 116 (2d Cir. Oct. 25, 1999)(following Second Circuit caselaw holding that § 2244 limitations period for pre-AEDPA convictions begins running at enactment); <u>Hoggro v. Boone</u>, 150 F.3d 1223, 1225-26 (10th Cir. 1998)(holding that § 2244 limitations period for state convictions final before AEDPA enactment begins running at enactment).

    B.   <u>Equitable Tolling</u>

Almo contends he is actually innocent of the persistent offender offense and is entitled to relief based on the holdings of <u>United States v. Booker</u>, 543 U.S. 220 (2005), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). He has not presented any argument for equitable tolling because he contends that the holdings of <u>Booker</u>, <u>Blakely</u>, and <u>Apprendi</u> qualify as intervening changes in the law which were not available during his applicable AEDPA statutory window.

Although the Sixth Circuit has ruled that the doctrine of equitable tolling may be invoked to toll the one-year limitation period applicable to § 2255 motions and habeas petitions, Almo's allegations do not demonstrate sufficient basis to toll the statute. This Court evaluates five factors when considering a request for equitable tolling of the habeas statute of limitations:

1) the petitioner's lack of notice of the filing requirement; 2) the petitioner's lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.  Dunlap v. United States, 250 F.3d 1001, 1007 (6th Cir. 2001).

Almo fails to allege any circumstances which prevented him from inquiring about additional remedies before the expiration of the AEDPA statute.  Pro se status and ignorance of the time requirements for filing does not toll the limitations period. See United States v. Baker, 197 F.3d 211, 218-19 (6th Cir. 1999)(in direct criminal appeal, court noted that accepting an ignorance-of-the-law excuse would encourage and reward indifference to the law).

Petitioner has not missed his statutory deadline by a few days or even months.  Petitioner's delay in filing this petition displays a marked lack of diligence in pursuing his rights. Neither does any ignorance of time constraints imposed by the AEDPA excuse this lack of diligence.  See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-15 (5th Cir. 1999)("ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse [late]

filing."). Under the Dunlap criteria,[4] equitable tolling will not be permitted in this instance.

To the extent that Almo contends that Booker is a "new rule of constitutional law" which entitles him to relief, he cannot demonstrate that Booker, Blakely, and Apprendi have been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. "As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." Goode v. United States, 305 F.3d 378, 383 (6th Cir. 2002); see Schriro v. Summerlin, 542 U.S. 348, 351-58 (2004) (holding that decision in Ring v. Arizona, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty and that the Sixth Amendment requires that those circumstances be found by a jury, does not apply retroactively to cases on collateral review); Teague v. Lane, 489 U.S. 288 (1989)(using a three step analysis with two exceptions to determine whether a rule of criminal procedure applies to cases on collateral review).

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court determined that its holding in Blakely applies to the Sentencing Guidelines. Booker, 543 U.S. 242-244. The Court also

---

[4] Nothing in the record suggests that Petitioner lacked notice or knowledge, whether actual or constructive, of the filing requirement, or that he would have been reasonable in remaining ignorant of the filing requirement. Likewise, it is evident that, in filing his petition over twenty years after his conviction became final and nine years after the AEDPA statute of limitations had expired, Petitioner has not been diligent in pursuing his rights.

expressly stated that its holding must be applied to all cases on direct review. Booker, 543 U.S. at 268 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

Applying these standards, the Sixth Circuit has held that Booker issues cannot be raised initially in collateral proceedings. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). Booker fails to provide Defendant with any basis for relief or equitable tolling. This motion is clearly barred by the AEDPA statute of limitations.

Therefore, as it "plainly appears from the face of the petition and amended petition that the petitioner is not entitled to relief in the district court," summary dismissal prior to service on the respondent is proper. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The petition is DISMISSED.

III. Appellate Issues

The Court must also determine whether to issue a certificate of appealability ("COA"). Twenty-eight U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision dismissing a § 2254 habeas petition and to issue a certificate of

appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997)(district judges may issue certificates of appealability under the AEDPA). No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[5]

In this case, Petitioner's petition is time-barred for the reasons previously stated. Because he cannot present a question of some substance about which reasonable jurists could differ, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2254 case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, Petitioner must seek permission from the district court under Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides

---

[5] The Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

11

that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, Petitioner must file his motion to proceed <u>in forma pauperis</u> in the appellate court. <u>See</u> Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal <u>in forma pauperis</u> is DENIED. If Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 23rd day of October, 2007.

                                                 <u>s/ J. DANIEL BREEN</u>
                                                 UNITED STATES DISTRICT JUDGE